Wright *vs.* Caldwell *et al.*

WRIGHT *vs.* CALDWELL *et al.*

The plaintiff, intending to take passage on the steamboat of defendants, deposited his trunk on board in the usual place for baggage, but without putting it in charge of any person, or notifying any one employed on the boat of such deposit, or of his intention to take passage, and while temporarily absent from the boat she started on her trip and he was left. The trunk could not afterwards be found. *Held*, that here was not a constructive delivery and acceptance of the trunk as the baggage of a passenger, by which the defendants could be held chargeable for its loss.

The declaration in an action against steamboat proprietors to recover for the contents of a lost trunk, being for breach of a contract of affreightment, *held* that plaintiff could not be admitted to prove by his own oath the contents of the trunk.

Case reserved from St. Clair Circuit.

This action was originally brought before a Justice of the Peace upon a bond given by the defendants to release the steamboat Telegraph No. 1, from a warrant issued by the Circuit Court Commissioner for St. Clair county. Judgment was rendered for the plaintiff before the justice, from which defendants appealed to the St. Clair Circuit. The complaint and declaration was for the value of a trunk, containing wearing apparel, &c., alleging that said trunk was marked "Wright Moore, St. Clair;" that plaintiff placed it on board said boat for the purpose of being transported to the river St. Clair; that the same was received on board by the officers and men employed on said boat, and that through their negligence, the trunk was lost, &c. Defendants plead the general issue. On the trial in the Circuit Court it was proved that the plain-

tiff, in April, 1851, was seen to place his trunk on board the steamboat, depositing it in the usual place for baggage, about half an hour before the usual time of starting said boat from Detroit; that the gangways were open and gang-planks were out, and the men employed on the boat were then taking in freight; that the boat was used in navigating the waters of this State, between Detroit and Port Huron and intermediate ports, as a general passenger and freight boat; that it was usual to receive freight on said boat as early as the trunk was carried on board; that after putting the trunk on board plaintiff went away, and not returning in time the boat started on her trip without him; that receipts were not usually given on this or other river boats for trunks or baggage, and that there was no one whose particular business it was to receive baggage from passengers. It did not appear that the trunk was delivered to any officer or hand employed on the boat, but deposited in the usual place for baggage, as before stated. It was also proved that a few days afterwards plaintiff demanded the trunk of the clerk of the boat on board, but it could not be found. The plaintiff's counsel then, after reading the affidavit of the plaintiff of the deposit of the trunk on the boat, that it contained wearing apparel, and that he was unable to prove its contents by any witness, &c., offered to have the plaintiff sworn to prove the contents, &c., to which the defendants' counsel objected. Thereupon the Circuit Judge adjudged and determined that there was proof of a sufficient delivery of the trunk to charge the owners of the steamboat, and that the plaintiff, from the necessity of the case, was a proper witness to prove the contents of the trunk, and that the question so raised should be reserved for the judgment of the Supreme Court.

The testimony of the plaintiff was then received, and a verdict rendered in his favor.

*J. J. Falkenbury* and *W. Grace*, for plaintiff.

*Wm. T. Mitchell* and *Wilcox & Gray*, for defendants.

Wright *vs.* Caldwell *et al.*

By the Court, WHIPPLE, J.

It does not appear in proof in this case, nor was it pretended in argument, that there was an actual delivery of the trunk to any person employed on the boat, or that notice that the plaintiff intended to take passage, or that he had deposited his baggage at the place stated, was given to the master, clerk, or other person; if a right to recover therefore can be maintained, it must be on the principle that there was a *constructive* delivery of the trunk, and that it was received as the baggage of a passenger to be transported to the point of destination.

It is admitted by the counsel for the plaintiff, that to hold a common carrier liable in respect to property lost in the course of his employment, it is incumbent on him to show a delivery of the property to the carrier, and its acceptance by him, for purposes contemplated by the parties. But while this general principle of law is unquestioned, its force and effect is sought to be obviated by the special circumstances of this case. It is contended that the general principle is controlled by the usage established by the proof. It is well settled by a series of adjudications, of high authority, that if a uniform custom is established and recognized by the carrier, and is known to the public, that property intended for carriage may be deposited in a particular place, without express notice to him that a deposit of property for that purpose in accordance with the custom, is constructive notice, and would render any other form of delivery unnecessary. The rule is founded in reason; as the usage, if habitual, is a declaration by the carrier to the public, that a delivery of property in accordance with the usage, will be deemed an acceptance of it by him for the purpose of transportation. To allow a carrier, when property is thus delivered, to set up by way of defence the general rule which requires express notice, would operate as a fraud upon the public, and lead to manifest injustice. There was proof in this case from which a jury might infer that it was the usual

Wright *vs.* Caldwell *et al.*

practice for passengers on the steamboat Telegraph, to deposit their baggage in a particular place, and that further notice of delivery or acceptance was waived. A careful examination of the record, however, shows that the facts thus proved were inapplicable to the issue made up between the parties. The declaration seeks to charge the defendants for the loss of the trunk and its contents, received by them for the purpose of being transported to St. Clair. There is no averment that the trunk thus delivered contained the ordinary wearing apparel of a person who had taken passage on the boat, or that it was received as such. The fact that the plaintiff was a passenger, and took passage in the boat, was essential to a recovery, and in that the proof, with all the evidence received and acted upon respecting the usage, was indirect. There is no pretence that any custom prevailed in respect to the receipt of property as freight. Notice of delivery and acceptance for such purpose, is controlled by the general law. The proof is conclusive that the mode of delivery, as sanctioned by the usage, was applicable exclusively to the ordinary baggage of a passenger, and had no application to property received and agreed to be transported as freight. The custom is believed to be universal, to allow passengers in any of the usual modes of conveyance, to carry free of charge such wearing apparel as may be necessary or convenient, and the price paid by the *passenger* constitutes the consideration for the safe keeping and transportation of his ordinary baggage. If a trunk, therefore, is deposited with a carrier, without being accompanied *by* a *passenger*, it is received as freight, and is liable to the payment of ordinary charges, and notice of its delivery to the carrier and of acceptance must be given, according to the rules of law, before any liability can attach in case of loss.

The ruling of the Circuit Court was consequently erroneous, in asserting that the proof in the case was sufficient to show a delivery. It may be proper to add that there is no

averment in the declaration of any consideration paid or agreed to be paid for the transportation of the trunk and its contents, nor was there any proof to that effect offered on the trial.   It seemed to have been assumed by the plaintiff that the mere circumstance that the trunk was deposited in the boat at the place indicated, and its subsequent loss, was all that was necessary to fix the liability of the defendants.   It is very clear that to exhibit a cause of action, it is necessary to aver, either that he was a passenger on board the boat, and that in consideration of a reasonable sum paid or to be paid, the defendants agreed to convey him and his ordinary baggage to St. Clair, or that they received and accepted the trunk to be carried for a reasonable consideration, as freight.   If the plaintiff was a passenger, and there was an averment to that effect, then the proof offered and received would have been pertinent; if not, then it is equally clear that it would have been inapplicable in the absence of any evidence taken to show a usage which would have dispensed with the notice required by the general rule of law.

It must be certified to the Circuit Court of the county of St. Clair, as the opinion of this Court, that the proof in the case does not show a delivery of the trunk and its contents by the plaintiff, so as to create a lien on the steamboat Telegraph, and that upon such proof the plaintiff is not entitled to recover.

Secondly: As the declaration is for a breach of the contract of affreightment, there was error in permitting the plaintiff to prove by his own oath the contents of said trunk.